```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

ISSA BISHARAT,                  )
                                )
               Plaintiff,       )
                                )
     v.                         )    No.  10 C 594
                                )
VILLAGE OF NILES, et al.,       )
                                )
               Defendants.      )
```

MEMORANDUM OPINION

In response to the First Amended Complaint ("FAC") brought by Issa Bisharat ("Bisharat") against private individuals Nenous Esha ("Esha") and Sargon Hinawer ("Hinawer") and a coterie of other defendants (collectively "Niles Defendants")--the Village of Niles, its Police Department, its Chief of Police and seven police officers--the Niles Defendants have filed a motion to dismiss FAC Counts VII through XIV[1] together with a supporting Memorandum. This memorandum opinion and order is issued to focus Bisharat's counsel on the issues as this Court perceives them, so that the matter may be discussed on a better informed basis at the next scheduled status hearing on May 3.

Niles Defendants Mem. 7-9, which challenges the sufficiency of FAC Counts VII and VIII under 42 U.S.C. §1983 ("Section 1983"), conspicuously fails to refer to Officer Anthony Muscolino ("Muscolino"), who is the only Niles officer alleged to have

---

[1] FAC Counts I through VI are grounded in state law and are asserted solely against Esha and Hinawer.

acted in league with claimed wrongdoers Esha and Hinawer (see FAC ¶¶19-32). Although the memorandum is less than forthright in not even speaking about Muscolino and discussing those Counts (Muscolino is first referred to in the pages beginning at Mem. 15, which pages address Counts XI and XII), Niles Defendants appear to be right in challenging Bisharat's assertion of a wide-ranging conspiracy. Indeed, that would seem to be so even under the more generous pleading standards that prevailed before the Supreme Court's recent Twombly-Iqbal pronouncements.

That being so, it is unclear just what federally-based claims can survive here.[2] And that in turn poses the question whether Bisharat's invocation of 28 U.S.C. §1367 in an effort to advance his numerous state law claims is essentially the legal equivalent of having a very large tail wag a very small dog. Both Bisharat's counsel and defense counsel should come to the May 3 status hearing fully prepared to discuss the matters set out in this brief opinion.

                                                          _____
                                                          Milton I. Shadur
                                                          Senior United States District Judge

Date: April 20, 2010

---

[2] No view is expressed at this time as to the viability or nonviability of a Section 1983 claim advanced against Muscolino alone.

2