IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISSA BISHARAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 594 |
| | ) |
| VILLAGE OF NILES, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

In accordance with this Court's May 3, 2010 minute order directive, counsel for Village of Niles Police Officer Anthony Muscolino ("Muscolino") has filed a supplement to the previously-tendered motion to dismiss Counts VII through XIV of the First Amended Complaint ("FAC") brought by Issa Bisharat ("Bisharat") against (1) Muscolino and other Niles Defendants (the collective term defined in this Court's April 20, 2010 memorandum opinion) and (2) two private individuals, Nenous Esha ("Esha") and Sargon Hinawer ("Hinawer"). Because the presentation by Muscolino's counsel mischaracterizes his alleged involvement in the matter on which Bisharat sues, Muscolino's effort to extricate himself from this action is denied.

Two points should be made at the outset. First, as with any Fed. R. Civ. P. ("Rule") 12(b)(6) motion, the allegations of the FAC must be credited (although this Court of course makes no substantive findings as to the facts). Second, this Court should not be misunderstood as subscribing to the practice by Bisharat's

counsel of having splintered a "claim" in the federal sense (the congeries of facts that may entitle a plaintiff to bring a federal action--see, e.g., NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992)) into separate counts--an all-too-common practice that does not conform to the limited function, proscribed by Rule 10(b)'s second sentence, of separating out "each claim founded on a separate transaction or occurrence." No ruling is therefore made or implied here as to the survival or nonsurvival of Bisharat's various theories of potential recovery as set out in the numerous FAC counts.

That said, the submissions on Muscolino's behalf simply ignore his asserted involvement as described in FAC ¶¶19-32 and 43, coupled with the reasonable inference that it was Muscolino's false report that the vehicle owned by Bisharat had been stolen that caused Bisharat to be deprived of that property without due process of law. And the asserted tie-in between Muscolino and individual defendants Esha and Hinawer appears to call into play the doctrine articulated in the seminal case of Burton v. Wilmington Parking Auth., 365 U.S. 715 (1961) and applied by its numerous progeny in the ensuing half-century.

As for Muscolino's claim of qualified immunity, as to which he asserts his reasonable reliance on "a 911 call regarding theft of a motor vehicle, and in taking information from the complaining victim, Co-Defendant Sargon Hinawer," Muscolino's

2

counsel again impermissibly disregards FAC ¶¶19-28. Muscolino's purported reliance on such a claim in the face of his totally contrary knowledge as alleged in the FAC (which once again must be taken as gospel) is a matter that can be resolved only in a factual hearing, so that counsel's attempted reliance on Saucier v. Katz, 533 U.S. 194 (2001) is misguided.

One final point should perhaps be added. Muscolino's Supplement 2-3 asks that this Court "admonish the Plaintiff and his attorneys of the requirements of Federal Rule of Civil Procedure 11(b)(1), (2) and (3)" for having alleged the matters referred to in this opinion. Quite apart from the question whether this Court needs to be prompted as to its judicial responsibilities, Muscolino's counsel might well take a look at Matthew 7:2-3.

## Conclusion

Muscolino's motion for his dismissal from this action is denied. All other aspects of the matters previously dealt with in this Court's April 20 opinion and at the May 3 status hearing will be addressed at the next status hearing set for 9 a.m. May 20.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 14, 2010