```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

ISSA BISHARAT,                )
                              )
            Plaintiff,        )
                              )
      v.                      )    No.  10 C 594
                              )
VILLAGE OF NILES, et al.,     )
                              )
            Defendants.       )

## MEMORANDUM ORDER

Village of Niles Police Officer Anthony Muscolino ("Muscolino"), alone among the numerous defendants in this action brought by Issa Bisharat ("Bisharat"), has filed an Answer, coupled with affirmative defenses ("ADs"), to the Second Amended Complaint ("SAC").  This memorandum order is issued sua sponte to address a few problematic aspects of that responsive pleading.

To begin with, the Answer is replete with a host of disclaimers that fail to track the clear roadmap prescribed by Fed. R. Civ. P. ("Rule") 8(b)(5) as the basis for deemed denials of a plaintiff's allegations.  More specifically, the necessity under Rule 8(b)(5) to disclaim enough <u>information</u> to form a belief as to the truth of an allegation sets a substantially higher hurdle than the lack of "knowledge" that Muscolino asserts (see App'x ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001)).

And even if and when that error may be corrected, nothing is added by the repeated addition to each disclaimer of "and

therefore, he neither admits nor denies said allegations." Because Rule 8(b)(5) expressly states that a deemed denial is the effect of a proper disclaimer, that addition is no better than redundant and is accordingly stricken pursuant to Rule 12(f).

In Muscolino's own effort to invoke Rule 12(f), his counsel move to strike what counsel calls "the immaterial and impertinent allegations" contained in SAC ¶¶52 through 56. But precisely what about those allegations is assertedly "immaterial and impertinent" is not stated (or otherwise made clear)--and even if that were to be done, not a word in any of those SAC paragraphs refers to Muscolino at all. All of those motions to strike are therefore denied, both because of their lack of definition and because Muscolino would appear to lack standing to assert any claimed deficiency.

As for the two accompanying ADs, each of them is problematic as well. Here are the difficulties they face in light of the prescribed nature of an AD under Rule 8(c) and the cases applying that Rule (and see App'x ¶5 to State Farm):

> 1. AD 1 fails because, on the allegations of the SAC (which must be credited for AD purposes), Muscolino deliberately acted to deprive Bisharat of his property rights despite Muscolino's knowledge of those rights. That certainly qualifies as a clear Fourteenth Amendment violation. So AD 1 is stricken.

2. AD 2 attacks Bisharat's claims under Illinois law, citing 745 ILCS 10/2-202, 10/2-204 and 10/4-102. But the first of those three sections is inapplicable because the SAC (once again accepted, as it must be) tags Muscolino with "wilful and wanton conduct," while the second section is inapplicable because the SAC ascribes Bisharat's asserted injury to Muscolino himself, and the third section--fairly read--does not insulate Muscolino either. Hence AD 2 is stricken as well.

Because the errors referred to here are so pervasive (including the need for Muscolino to take a hard look at each disclaimer to determine whether he can really disclaim a lack of information as to Bisharat's various allegations in accordance with the subjective and objective good faith demanded by Rule 11(b)), the entire Answer and ADs are stricken. Leave is granted to file a self-contained Amended Answer on or before August 16, 2010.

No charge is to be made to Muscolino by his counsel for the added work and expense incurred in correcting counsel's errors by the preparation and filing of the required Amended Answer. Muscolino's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's

3

chambers as an informational matter (not for filing).

```
                          _____
                          Milton I. Shadur
                          Senior United States District Judge
```

Date:  July 29, 2010