IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

ISSA BISHARAT,                )
                              )
          Plaintiff,          )
                              )
     v.                       )    No.  10 C 594
                              )
VILLAGE OF NILES, et al.,     )
                              )
          Defendants.         )

                      MEMORANDUM ORDER

     This Court has had occasion to remark in the past on the pointless (and annoying) practice of some lawyers who, representing two or more defendants in a multidefendant action, see fit to file a separate answer on behalf of each client. Those lawyers fail to recognize that this Court (as well as opposing counsel) must read those pleadings to see, among other things, the respects (if any) in which codefendants part company and the areas in which they are on the same page.[1]

     Here a separate Answer and Affirmative Defense has been filed by the same lawyer and law firm on behalf of each of Village of Niles Chief of Police Dean Strzelecki ("Strzelecki") and Detective Commander Dennis McEnerney ("McEnerney"). This

---

[1] Although this Court is not so antediluvian as to characterize the pre-computer days of the typewriter as the "good old days," one virtue of that period is that a good secretary was likely to object strenuously at the need to type up long pleadings twice or more where the responses in the multiple pleadings were identical or virtually so--and the sensible lawyer was likely to heed that objection (even if only to keep peace in the office).

Court waded through the 22-page McEnerney responsive pleading before it became aware that the same task would be required as to the next document in its in-box, the Strzelecki Answer and Affirmative Defense.

Just a little added thought (and thoughtfulness) would have led defense counsel to perform an act of courtesy (and mercy) by filing a single responsive pleading on behalf of both clients--an act that would have highlighted any areas of difference between them. In any case, both responsive pleadings are stricken, with leave of course being granted to file a single pleading on or before October 25, 2010. And because counsel must return to the drawing board in any event, two matters spotted by this Court in the McEnerney pleading bear mention:

>    1. Answer ¶40 is imaginative--it adds to the prescribed disclaimer language of Fed. R. Civ. P. ("Rule") 8(b)(5), which is repeated over and over again in the McEnerney Answer, a disclaimer of recollection on his part that assertedly prevents the formation of a belief about the truth of the corresponding allegation in the Second Amended Complaint ("SAC"). But Rule 8(b)(5) is both careful and unambiguous in identifying the only form of disclaimer that can give rise to a deemed denial. If McEnerney is truthful in asserting that he does not recall the conversation identified in SAC ¶40 (a matter on which this Court of

course expresses no view), he should respond that he cannot deny the allegation because of that failure of recollection.

    2.  Defense counsel should be more careful in advancing flat-out denials. For example, there is no way in which McEnerney can in good faith (see Rule 11(b)) label as an untruth the allegation in SAC ¶43:

> After Defendant Muscolino reported the vehicle stolen, Plaintiff was afraid to drive his vehicle for fear of getting stopped by the Police and taken to jail.

After all, mind reading is not among the alternatives permitted to a defendant under Rule 8(b).[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: October 12, 2010

---

[2] What have just been identified in the text's two numbered paragraphs are not intended to be exhaustive as to either defendant's pleading. It is rather that this last example figuratively jumped off the page and caught this Court's attention during its brief runthrough of McEnerney's Answer.